IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUBLIC SERVICE COMPANY OF
NEW MEXICO, et al.,

    Plaintiffs,

vs.                                              Civ. No. 98-642 MV/LCS

JOHN LYONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendants' Motion to Amend Notice of Removal, filed September 10, 1998. Defendants move the Court for leave to amend their notice of removal in two ways: 1) Defendants seek to clarify in the amended notice that none of them "received" the original or amended state court complaint more than thirty days prior to filing the notice of removal; and 2) Defendants seek to attach to the amended notice the summonses served on all the Defendants except Defendant The New England Mutual Life Insurance Company.

       A notice of removal must be filed within thirty days after a defendant receives a copy of the state court complaint, or is served with the complaint and summons, whichever occurs first. 28 U.S.C. §1446(b). Leave to amend the notice of removal is freely granted during this thirty day period. *See, e.g., Iwag v. Geisel Compania Martima, S. A.*, 882 F. Supp. 597, 601 (S. D. Tex. 1995). Once the thirty day period has expired, the defendant may amend the notice of removal to cure procedural and jurisdictional defects. *Woodall v. Insurance Co. of North America*, 582 F.Supp. 247, 248 (N.D. Ga. 1984). *See also Kacludis v. GTE Sprint Communications Corp.*,

1

806 F.Supp. 866, 869 (N.D. Cal. 1992); *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301-302 (10th Cir. 1968)(allows post-thirty day amendment of notice of removal when the defendant has made a mere averment in the notice that diversity exists). Such defects include the defendant's failure to file papers as part of the notice of removal. *See, e.g., Agee v. Huggins*, 888 F.Supp. 1573, 1577 (N.D. Ga. 1995)(citing *Usatorres v. Marina Merchante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286-87 (11th Cir. 1985); *Woodall*, 582 F.Supp. at 248). A defendant, however, cannot amend the notice of removal to add a substantive allegation concerning jurisdiction after the thirty day period has expired. *Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919, 924 (S.D. N.Y. 1995). *See also Kacludis*, 806 F.Supp. at 869; *Winters Government Securities Corp. v. NAFI Employees Credit Union*, 449 F. Supp. 239, 243 (S.D. Fla. 1978).

In this case, I find that the Defendants' requested amendments are intended to cure defects in the notice of removal, not to add any new substantive allegations to the notice. To deny the Defendants' request for an amendment in this case "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundation, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases...." *Hendrix*, 380 F.2d at 301. Consequently, I conclude that the Defendants' motion to amend is well taken and should be granted.

WHEREFORE,

IT IS ORDERED that Defendants' Motion to Amend Notice of Removal is granted.

_____
Leslie C. Smith
United States Magistrate Judge